**Duncan Peder McKENZIE, Jr.,
Petitioner–Appellant,**

v.

**Henry RISLEY, Warden of the
Montana State Prison,
Respondent–Appellee.**

No. 88–3841.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 18, 1989.

Decided Oct. 9, 1990.

Timothy K. Ford, MacDonald, Hoague & Bayless, Seattle, Wash. and Stephanie Ross, Point Roberts, Wash., for petitioner-appellant.

Marc Racicot, Atty. Gen., Patricia J. Schaeffer, Asst. Atty. Gen., Helena, Mont., for respondent-appellee.

Before WRIGHT, NORRIS and BEEZER, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Duncan McKenzie, a state prisoner, appeals the denial of his petition for a writ of habeas corpus. In his petition, McKenzie claimed that his death sentence should be vacated due to an ex parte meeting between the prosecutor and the trial judge prior to sentencing. The district court granted the state's motion for summary judgment and denied McKenzie's petition. Because we hold that the district court applied an incorrect legal standard, we reverse and remand for further proceedings.

I

In 1975, a Montana state court jury convicted McKenzie of aggravated kidnapping and deliberate homicide. Judge R.J. Nelson sentenced McKenzie to death.

This case involves the second of two federal habeas petitions filed by McKenzie. After exhausting state court remedies, McKenzie filed his first petition for writ of habeas corpus in federal court.[1] During discovery related to this petition, McKenzie's attorney learned that the special prosecutor in the case, Douglas Anderson, had met with Judge Nelson ex parte for about forty-five minutes. The meeting occurred on February 7, 1975, about one week after McKenzie's conviction and one month before sentencing. In light of this information, McKenzie filed a habeas petition in state court, asserting, in part, that his con-

stitutional rights were violated as a result of the ex parte meeting. The Montana Supreme Court denied the petition, and McKenzie filed a petition for a writ of habeas corpus in the district court below.

The state simultaneously answered the petition and moved for summary judgment. In connection with this motion, the district court received testimony from special prosecutor Anderson.[2] Anderson testified that he had met with Judge Nelson ex parte to discuss the bill for his work as a special prosecutor. Anderson stated that McKenzie's sentencing was not discussed. He admitted, however, that his discussion with the judge may have touched on the facts of the case in general, or as they related to the work he had performed. According to the reconstructed record,[3] Anderson testified in part as follows:

[O]n cross examination, Mr. Anderson was asked specifically whether he discussed with Judge Nelson a number of particular matters relating to the case and the work he had done on it. These included the evidence that [the murder victim] was raped, the evidence that the victim was tortured, Mr. McKenzie's psychiatric defenses, the change of venue and the sentiment of the local community about the case, the brutality of the murder and discussions he had had with witnesses who had viewed the scene, among other subjects. Mr. Anderson testified that, although he did not specifically recall, his discussions with the Judge may have included some of these subjects, although they were not discussed with reference to sentencing.

Order Certifying Record at 4.

The district court found that McKenzie had "presented no evidence that sentencing was discussed at the ex parte meeting,"

1. This petition, which challenged the constitutionality of McKenzie's conviction and sentence on a variety of grounds, was ultimately denied. *McKenzie v. Risley*, 842 F.2d 1525 (9th Cir.) (en banc), *cert. denied*, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988).

2. The parties stipulated that Judge Nelson, the sentencing judge, was unavailable as a witness. Judge Nelson has since died.

3. Because the reporter's notes of the hearing were lost, Judge Battin conducted proceedings pursuant to Fed.R.App.P. 10(c) to certify a statement of the record. *See* Order Certifying Record (Jan. 20, 1989).

and concluded that McKenzie's allegation that the meeting " 'involved and affected the sentencing decision' " was unsupported. Excerpt of Record at 34. On this basis, the district court granted the state's motion for summary judgment and denied McKenzie's petition. McKenzie timely appeals.

## II

■ We review de novo both the denial of a petition for writ of habeas corpus, *Carter v. McCarthy*, 806 F.2d 1373, 1375 (9th Cir.1986), *cert. denied*, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987), and a grant of summary judgment, *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). In reviewing the district court's grant of summary judgment, we must decide whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *See* Fed.R. Civ.P. 56(a), (b); *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 843 (9th Cir.1985).

McKenzie contends that, in granting the state's motion for summary judgment, the district court improperly placed the burden on McKenzie to show that sentencing was discussed at the ex parte meeting. McKenzie argues that there is a strong presumption that ex parte communications between judge and prosecutor are prejudicial, and that, consequently, the burden must fall on the prosecution to show that the contact was harmless.

■ We need not rule on whether all ex parte communications are presumptively prejudicial because we conclude that the district court applied a faulty legal standard when it awarded the state summary judgment and denied McKenzie's petition. The district court improperly required McKenzie to prove that sentencing was in fact discussed at the ex parte meeting. The correct inquiry is whether matters were discussed that did or could have influenced the judge in his sentencing decision. *See, e.g., United States v. Reese*, 775 F.2d 1066, 1077–78 (9th Cir.1985) (remanding for resentencing because there was a "serious question" concerning the possibility of reliance by the sentencing judge on ex parte materials submitted by the prosecutor).

■ Applying the correct legal standard, we find that the evidence shows that there was a genuine issue of material fact as to whether Judge Nelson and Mr. Anderson discussed matters related to the merits of the case or potentially bearing on sentencing. McKenzie established that an ex parte meeting occurred at which the case was discussed in the context of the special prosecutor's fees. He presented testimony in which Mr. Anderson conceded that his discussions with the judge "may have included" conversation about the brutality of the murder, evidence that the victim was raped, McKenzie's psychiatric defenses, as well as other matters directly related to the merits of the case. *See* Order Certifying Record at 4. Contrary to the state's assertion, the fact that Mr. Anderson further testified that these subjects "were not discussed with reference to sentencing," *id.*, does not cure any possible constitutional infirmity. A pre-sentence discussion of a brutal murder, even in the context of a fee discussion, may well have had an impact on the thinking of the sentencing judge at the proceedings to follow. Such a possibility raises a genuine issue of material fact sufficient to defeat the state's motion for summary judgment.

We therefore REVERSE the summary judgment and REMAND to the district court to conduct an evidentiary hearing, after allowing defense counsel appropriate discovery, to make appropriate findings of fact, and for resentencing should the district court decide that the ex parte pre-sentencing discussion violated McKenzie's constitutional rights.