**James Kevin PRATT, Petitioner—Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent—Appellee.**

No. 01–35108.

D.C. No. CV–97–00185–EJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2002.

Decided Feb. 20, 2002.

Before POLITZ,* CANBY, and KLEINFELD, Circuit Judges.

MEMORANDUM**

Petitioner Pratt appeals the dismissal of his petition for a writ of habeas corpus. We address each of his claims in turn.

Petitioner first contends that the district court erred in dismissing his claim that his murder conviction was based on a non-unanimous verdict. In *Jeffries v. Blodgett*,[1] we held that "a general unanimity instruction will normally suffice to instruct the jury that they must be unanimous as to the elements which form the basis of the

---

* The Honorable Henry A. Politz, Senior United States Court of Appeals Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. 5 F.3d 1180 (9th Cir.1993) (as amended).

conviction," unless "there is a genuine possibility of jury confusion or that conviction may result from different jurors concluding that the defendant committed different acts."[2] In that case, the court held that "the special verdict form indicates that the jurors were unanimous as to these specifics of the crime."[3] This was, likewise, a case in which a special verdict form was given, and it is not a case where the jurors were likely confused.

█ Pratt next argues that the district court erred in dismissing Pratt's claim that the bailiff's unconstitutional communications tainted the jury. The evidence regarding possible communications by the bailiff is very troubling, but the standard of review bars us from substituting our judgment for the state court's. Because federal courts hearing petitions for writs of habeas corpus from state court judgments have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them,"[4] and because we cannot find that the state court's determination is controverted by clear and convincing evidence,[5] we affirm on this issue.

Pratt next claims that the district court erred in dismissing Pratt's claim that the trial court considered immunized acts at sentencing and resentencing. However, Pratt offers nothing to rebut the presumption of correctness[6] given to the state court's determination that nothing was used from the immunized testimony.

Pratt also argues that he was denied an impartial judge. The inquiry is whether ex parte communications could have or did influence the judge's sentencing decision.[7] Pratt presents no evidence that that was the case here. The state courts also found no evidence of bias or partiality, and that finding is entitled to a presumption of correctness.[8]

As to what Pratt contends were unconstitutional jury instructions, the standard here is whether an incorrect instruction by itself so infected the trial that the resulting conviction violated due process,[9] and whether it had a substantial and injurious effect or influence in determining the jury's verdict.[10] As explained in *Victor v. Nebraska*,[11] the petitioner must show that the jury in fact misapplied the instruction, i.e. that there was a reasonable likelihood that the jury understood the instruction to allow conviction based on insufficient proof.[12] Here, petitioner offers no evidence that the jury actually misunderstood or misapplied the instruction. Moreover, he fails to show that the Idaho Supreme Court's decision regarding the jury instructions was contrary to, or an unreasonable application of, the law as announced by the United States or that it was based on an unreasonable determination of the facts.

---

2. *Id.* at 1195 (citations omitted).

3. *Id.* at 1195.

4. *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

5. *See* 28 U.S.C. § 2254(e)(1).

6. *Id.*

7. *McKenzie v. Risley*, 915 F.2d 1396, 1398 (9th Cir.1990).

8. *See* 28 U.S.C. § 2254(e)(1).

9. *Jeffries*, 5 F.3d at 1195.

10. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

11. 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

12. *Id.* at 6.

■ Pratt claims he was denied his choice of counsel. Even assuming for purposes of analysis that the denial of a continuance to allow substitution of counsel was constitutional error, habeas relief cannot be granted, under *Coleman v. Alabama*,[13] because the error was harmless.[14] The Idaho Supreme Court found that the error was harmless, and Pratt offers no precedent to suggest that its ruling was in error. We held in *Schnepp v. Hocker*, that the absence of counsel at a preliminary hearing was harmless error,[15] and *a fortiori*, any error in the case at bar was harmless.

■ Finally, Pratt contends that the trial court should have informed him of his right to self representation. However, as the United States Supreme Court has not determined that trial courts have an affirmative duty to advise criminal defendants of their right to represent themselves, the Idaho Supreme Court's decision did not conflict with established Supreme Court precedent, as the AEDPA requires.[16] Moreover, Pratt's assertion that the magistrate prevented him from telling her that he wanted to represent himself is factually false. Pratt was given ample opportunity to request to proceed pro se.

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.

---

13.  399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

14.  *Id.* at 10–11.

15.  429 F.2d 1096, 1101 (9th Cir.1970).

