# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3915

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Mary S. Becerra, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 21, 2005
Filed: January 31, 2006

_____

Before LOKEN, Chief Judge, ARNOLD, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Mary Becerra was charged in a superseding indictment with conspiracy to distribute cocaine, 21 U.S.C. §§ 846 and 841(b)(1)(C), and conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, 21 U.S.C. §§ 846 and 841(b)(1)(A). As the time for bringing the case to trial within the limits of the Speedy Trial Act expired, the government obtained a second superseding indictment, which charged Becerra with the greater offense of conspiring to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 846 and 841(b)(1)(B), and with the same methamphetamine conspiracy. Becerra then filed a motion to dismiss the case with prejudice based on a violation of the Speedy Trial Act. The district court granted the

motion and dismissed the action with prejudice. The government appeals, and we affirm the dismissal of the second superseding indictment with prejudice, but direct that the dismissal be without prejudice to the government proceeding again with the charges presented in the first superseding indictment.

I.

On June 23, 2004, Becerra was indicted on one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. On September 22, the grand jury returned a superseding indictment charging Becerra with conspiracy to distribute a mixture or substance containing cocaine, and with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. The superseding indictment included a section entitled "further factual findings," which alleged that Becerra had conspired to distribute at least 1.5 kilograms but less than 5 kilograms of methamphetamine. The parties agree that after consideration of time properly excluded under the Speedy Trial Act, the statute called for trial on the superseding indictment to begin no later than either October 18 or 19.

Trial was scheduled for October 12, but during pretrial proceedings that morning, an issue arose concerning how the district court would apply *Blakely v. Washington*, 542 U.S. 296 (2004), if Becerra were convicted and the case proceeded to sentencing. Prior to *United States v. Booker*, 543 U.S. 220 (2005), the district court had enunciated its reading of *Blakely* in *United States v. Terrell*, No. 04-CR-24, 2004 WL 1661018 (D. Neb. July 22, 2004), concluding that facts, including drug quantity, that increased a maximum sentence under the sentencing guidelines must be charged in an indictment and proved beyond a reasonable doubt. *Id*. at *4-5 & n.2. In light of *Terrell*, the district court proposed a verdict form for Becerra's case that would allow the jury to find Becerra responsible for various incremental amounts of methamphetamine, corresponding to the base offense levels for distribution of methamphetamine under USSG § 2D1.1, with the greatest option based on the offense

level (Level 34) corresponding to the 1.5 kilograms alleged in the "further factual findings" of the first superseding indictment. Because the grand jury had not alleged a quantity of cocaine, the court announced that the jury would be asked only to find whether Becerra was responsible for a trace amount of cocaine, thus capping the base offense level for cocaine trafficking under the guidelines at Level 12, which corresponds to less than 25 grams of cocaine.

In light of the district court's proposed verdict form relating to cocaine, the government moved to continue the trial beyond October 18 – the date of the next grand jury session – in order to seek a second superseding indictment that would allege a greater quantity of cocaine. Becerra resisted the motion to continue, and argued that trial should commence as scheduled on October 12. The court inquired when the speedy trial clock expired, but neither counsel knew the answer. The court ultimately granted the motion to continue, and, due to a scheduling conflict for Becerra's counsel during the week of October 18, trial was rescheduled for October 25, 2004. The court advised the parties that "if somebody has a speedy trial issue they better raise it and then I will decide the speedy trial issue, if there is one at all. But I'm just granting a continuance and then we'll worry about it later." (Tr. at 16).

On October 19, the grand jury returned a second superseding indictment that re-alleged the methamphetamine conspiracy, and alleged a conspiracy to distribute 500 grams or more of a mixture or substance containing cocaine. The latter charge implicated the mandatory minimum sentence of 5 years' imprisonment and increased the statutory maximum penalty from 20 years' imprisonment under § 841(b)(1)(C) to 40 years under § 841(b)(1)(B). The second superseding indictment also included "further factual findings," apparently to address sentencing guideline issues that would be submitted to the jury under the district court's interpretation of *Blakely*, alleging that Becerra had conspired to distribute at least 5 kilograms but less than 15 kilograms of methamphetamine mixture, and at least 1.5 kilograms but less than 5 kilograms of cocaine mixture. Becerra filed a motion to dismiss the case based on an

alleged violation of the Speedy Trial Act, and the district court granted the motion, dismissing the action with prejudice.

The district court first rejected the government's suggestion that it exclude for purposes of the Speedy Trial Act the time between October 12 and October 25, on the ground that the ends of justice served by the continuance outweighed the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A). The court explained that its opinion in *Terrell* had been published and disseminated to local practitioners, and that counsel were therefore aware that the court would apply *Blakely* to the guidelines in the manner suggested at the pretrial conference. The court found that the government, having failed to allege a quantity of cocaine in the first superseding indictment, "made a tactical decision to proceed with the continuance at its own peril." Observing that the government had other alternatives on October 12 – it could have asked for a short recess to perform the Speedy Trial Act calculations or it could have proceeded to trial under the first superseding indictment – the court said the government "cannot now be heard to complain of a situation that it created."

Turning to whether the indictment should be dismissed with or without prejudice, the court discussed the factors set forth in 18 U.S.C. § 3162(a)(2), which govern sanctions for a violation of the Act. With respect to seriousness of the offense, the court concluded that although all drug distribution offenses are "generally serious crimes," the government had made no showing that "this defendant is either particularly dangerous or particularly involved in the conspiracy." The court further found that "[t]he government has made no showing with respect to the strength of its case," and that nothing indicated "this is anything more than a so-called 'dry conspiracy' case with questionable testimony from convicted co-conspirators testifying in exchange for downward departures."

As for the facts and circumstances that led to dismissal, the court essentially concluded that the government did not have good reasons for violating the Act. The

-4-

court reasoned that "[t]he government's professions of inadvertence and admissions of negligence in failing to ascertain the speedy trial calculation and in assuming that it would not be subject to a speedy trial dismissal tends to demonstrate that it sought to gain a tactical advantage." And the court found the government's assertions of surprise at the court's proposed jury instructions regarding drug quantity were "disingenuous," because the government had been aware of the court's position since the publication of *Terrell*. These views led the court to say that "the government's position shows a level of gamesmanship with respect to the Act that the court cannot countenance."

Considering the impact of reprosecution on the administration of justice and the statute, the court concluded that the government made "a voluntary decision to delay in order to seek a strategic or tactical advantage," and professing to be aware of "similar tactics used by the government in other cases," the court concluded that "the government should not be able to violate the Act without fear of consequences should it choose to use superseding indictments as a prosecutorial bargaining tool."

Finally, the court considered the fact that the continuance resulted in prejudice to the defendant, because of the increased punishment available under the second superseding indictment. As there were no assertions that the increased quantities alleged in the latest indictment were based on evidence that was recently discovered, the court thought it "clear" that "the superseding indictments were sought only to either encourage defendant to enter a plea or to punish her for failing to do so." For these reasons, the court dismissed the action with prejudice.

II.

The Speedy Trial Act provides:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by 3161(h), the information or indictment

-5-

shall be dismissed on motion of the defendant. . . . In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2). In addition to the factors listed in the statute, a district court should consider the presence or absence of prejudice to the defendant resulting from the violation of the Act. *United States v. Taylor*, 487 U.S. 326, 334 (1988).

Although there appears to be some disagreement whether the speedy trial clock expired on October 18 or 19, the government does not appeal the district court's finding that there was a violation of the Act that required dismissal. The appeal challenges only the court's determination to dismiss the action with prejudice. We review the district court's decision on that point for abuse of discretion. *See United States v. Cardona-Rivera*, 64 F.3d 361, 363 (8th Cir. 1995).

As of October 19, when the grand jury returned a second superseding indictment, there were two superseding indictments pending in the case. *See United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004). The first superseding indictment charged Becerra with conspiring to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and with conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The second superseding indictment alleged the same conspiracy to distribute methamphetamine, but charged a conspiracy involving a greater quantity of cocaine, and thus a greater potential penalty. We conclude that the district court acted within its discretion by precluding the government from reprosecuting Becerra for the greater charge included in the second superseding indictment, but that it was error to foreclose reprosecution for the methamphetamine conspiracy and the lesser cocaine charge advanced in the first superseding indictment.

The district court's order dismissing the action with prejudice emphasized the prejudice to Becerra that would arise from permitting reprosecution of the second superseding indictment. The court noted, correctly in our view, that the government made a voluntary decision to delay the trial beyond the time limits of the Act in order to seek a strategic or tactical advantage. The government was on notice through the district court's *Terrell* opinion that the court would submit issues of drug quantity under the sentencing guidelines to the jury. 2004 WL 1661018, at *4 n.2. The government, therefore, could have alleged a quantity of cocaine in the first superseding indictment if it was concerned that the sentencing consequences of the district court's approach could not be corrected on appeal.

After seeking a continuance, moreover, the government not only added an allegation of cocaine quantity for the purpose of calculating a guideline offense level within the statutory range of zero to 20 years alleged in the first superseding indictment, but it also alleged a greater quantity of cocaine that implicated a mandatory minimum penalty and increased the statutory maximum punishment to 40 years. (The second superseding indictment also alleged a greater quantity of methamphetamine in the "further factual findings" section, but this allegation is unnecessary in light of *Booker*, and thus caused no prejudice to Becerra). The government made no showing in the district court that the increased cocaine charge was based on evidence recently discovered. As a result, the district court was presented with a situation in which the government, if it wished to conform to the district court's view of *Blakely*, had no good reason for failing to charge drug quantity in the first superseding indictment, and in which the government took advantage of the continuance, and consequent violation of the Act, to enhance the cocaine charge. Under those circumstances, we believe the district court acted within a permissible range of discretion in concluding that the governing factors supported a dismissal with prejudice of the second superseding indictment.

We conclude, however, that dismissal with prejudice of the entire action was excessive under the circumstances. Unlike cases in which prejudice to the defendant

from a violation of the Act arises from the defendant's impaired ability to defend against the charges (for example, where witnesses have disappeared or evidence has been destroyed), the prejudice from reprosecution in this case would be limited to the government's ability to pursue a greater charge, with a greater statutory penalty, that was not available within the speedy trial period. This prejudice can be eliminated entirely by foreclosing reprosecution of the second superseding indictment. Becerra would suffer no such prejudice if the government commenced a reprosecution of the charges included in the first superseding indictment. For purposes of fashioning an appropriate remedy, therefore, we view this situation as analogous to a case of vindictive prosecution, where the Due Process Clause forbids the government from prosecuting a greater offense where there is a reasonable likelihood of retaliation for a defendant's exercise of statutory or constitutional rights, but leaves the prosecution "wholly free" to pursue the original charge. *Blackledge v. Perry*, 417 U.S. 21, 28-29, 31 n.8 (1974); *accord United States v. Hollywood Motor Co.*, 646 F.2d 384, 388-89 (9th Cir. 1981) (holding that dismissal of added charges did not preclude prosecution on original charges), *rev'd on other grounds*, 458 U.S. 263 (1982); *see also United States v. Castiglione*, 876 F.2d 73, 76 (9th Cir. 1989) (dismissal of original indictment "with prejudice" did not bar prosecution on identical counts contained in superseding indictment, because "[a] judge's ruling does not bar further prosecution if it does not represent a resolution in favor of the defendant on some or all of the factual elements of the offense charged").

Given the absence of cognizable prejudice to Becerra from reprosecution of the first superseding indictment, the statutory factors do not warrant dismissal with prejudice of the charges contained therein. Conspiring to distribute methamphetamine and cocaine are serious offenses. *United States v. Koory*, 20 F.3d 844, 847 (8th Cir. 1994). We reject the district court's view that "the seriousness of the offense" for purposes of this analysis involves an inquiry into the strength of the government's evidence. The text of the statute refers only to the seriousness of the offense charged in the indictment. The obvious practical problems of requiring the government to prove its case at a hearing on sanctions for a violation of the Speedy Trial Act

reinforce our view that Congress did not mean for the inquiry under § 3162(a)(2) to extend beyond whether the charged offense, if proved, is serious. Nor do we agree that the nature of proof that the government intends to offer in this case lessens the seriousness of the charged offense. A conspiracy to distribute methamphetamine that is proved beyond a reasonable doubt through the testimony of co-conspirators without physical evidence of controlled substances (a so-called "dry conspiracy") is no less serious than a comparable conspiracy that is proved beyond a reasonable doubt through the introduction of seized contraband.

The facts and circumstances of the case that led to dismissal do not favor dismissing with prejudice the lesser charges advanced in the first superseding indictment. The delay beyond the time limit of the statute was no more than a week. *Cf. United States v. Kramer*, 827 F.2d 1174, 1179 (8th Cir. 1987) (reversing dismissal with prejudice in case of 42-day delay). Although the government should have known of the district court's view about *Blakely*, its failure to grasp how a case should be charged before a particular district judge during the confusing period between *Blakely* and *Booker* does not approach bad faith or willful misconduct. Under the circumstances, the district court (which did state that the continuance was granted for "good cause shown," but declined to find the time excludable) could reasonably have found that the ends of justice served by a brief continuance, which would have allowed the indictment to conform to the district court's view of the Sixth Amendment and *Blakely*, outweighed the interest of the defendant and the public in a speedy trial.

Reprosecution of the first superseding indictment should not have a negative impact on the administration of justice or the Speedy Trial Act. Foreclosing the government from pursuit of the greater charge brought in the second superseding indictment will discourage any untimely use of superseding indictments as a prosecutorial bargaining tool. Although the district court said it was "aware of other similar tactics used by the government in cases before this court," it provided no explanation that would allow us to review whether these "similar tactics" involved comparable violations of the statute, and whether the government thus has engaged

in a broader pattern of conduct, the deterrence of which might support a more severe sanction in this case. *See Taylor*, 487 U.S. at 343 ("[T]he administration of the Speedy Trial Act and the necessity for thorough appellate review require that a district court carefully express its decision whether or not to bar reprosecution in terms of the guidelines specified by Congress."). On the record before us, we conclude that dismissal with prejudice of the entire action, based only on a brief delay that was attributable in part to defense counsel's scheduling conflict, would unduly penalize an innocent public's interest in reprosecution of serious drug trafficking offenses. *See Kramer*, 827 F.2d at 1179.

For these reasons, we affirm the district court's dismissal with prejudice of the second superseding indictment, but remand with directions to enter a dismissal without prejudice to reprosecution of the charges alleged in the first superseding indictment.

_____