**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SPRINT PCS ASSETS, L.L.C., a
Delaware limited liability
company, wholly-owned by SPRINT
TELEPHONY PCS, L.P., a Delaware
limited partnership,

*Plaintiff-Appellant,*

v.

CITY OF LA CAÑADA FLINTRIDGE, a
public entity; STEPHEN A. DEL
GUERCIO, in his official capacity as
Mayor of the City of La Cañada
Flintridge; LAURA OLHASSO, in her
official capacity as Mayor Pro
Tem of the City of La Cañada
Flintridge; ANTHONY J.
PORTANTINO, in his official
capacity as Council Member of
the City of La Cañada Flintridge;
GREGORY BROWN, in his official
capacity as Council Member of
the City of La Cañada Flintridge;
DAVID A. SPENCE, in his official
capacity as Council Member of
the City of La Cañada Flintridge,

*Defendants-Appellees.*

No. 05-55014

D.C. No.
CV-03-00039-DOC

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted
October 19, 2005—Pasadena, California

5627

Filed January 17, 2006
Amended May 23, 2006

Before: Cynthia Holcomb Hall, Diarmuid F. O'Scannlain,
and Richard A. Paez, Circuit Judges.

Opinion by Judge O'Scannlain

**COUNSEL**

John J. Flynn, III, Nossaman, Guthner, Knox & Elliott, LLP, Irvine, California, argued the cause for the appellants. Gregory W. Sanders and Michael W. Shonafelt were on the briefs.

Scott J. Grossberg, Cihigoyenetche, Grossberg & Clouse, Rancho Cucamonga, California, argued the cause for the appellees. Richard R. Clouse, Amy von Kelsch-Berk, and Angelica Arias were on the brief.

## ORDER

The opinion filed on January 17, 2006, slip op. 733, and appearing at 435 F.3d 933 (9th Cir. 2006), is hereby amended in its entirety, and the amended opinion shall be filed concurrently with this order.

With the filing of this order and amended opinion, the panel votes to deny the petition for rehearing. Judges O'Scannlain and Paez vote to deny the petition for rehearing en banc, and Judge Hall so recommends. The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and petition for rehearing en banc are therefore DENIED. No further petitions may be filed.

All other pending motions are DENIED as moot.

---

## OPINION

O'SCANNLAIN, Circuit Judge:

This case requires us to determine whether a city can, consistent with federal law, deny a telecommunications company a permit to construct and to install a wireless antenna based solely on a city ordinance which is preempted by state law.[1]

### I

Sprint PCS is a wireless telecommunications company seeking to install two wireless telecommunications facilities

---

[1]This opinion is to be filed with the concurrently transmitted memorandum disposition.

in the city of La Cañada Flintridge ("the City"). The City rejected Sprint's applications pursuant to portions of its local wireless ordinance. After the City denied two of Sprint's five applications, Sprint brought two actions against the City—one for each permit application denied—alleging violations of the federal Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (codified as amended in scattered sections of 15, 18, & 47 U.S.C.) ("Telecom Act"), and the California Public Utilities Code, Cal. Pub. Util. Code §§ 7901, 7901.1 ("Utilities Code"). The district court concluded that the city ordinance provided "substantial evidence" supporting the permit denial. Sprint appeals from the grant of summary judgment in favor of the City, arguing that the denials violate state and federal law. In a separate, concurrently-filed memorandum disposition we considered Sprint's argument that state law preempts provisions of the city ordinance. *See Sprint v. City of La Cañada Flintridge*, No. 05-55014 (filed May 23, 2006). Because we agreed with Sprint and held that state law preempts the provisions of the city ordinance relied upon by the City, *see id.* at 7, the only remaining question is whether, as the City argues, portions of a municipal ordinance preempted by state law can constitute substantial evidence supporting a permit denial under federal law.

## II

In October 2001, the City enacted Ordinance 324, "An Urgency Ordinance of the City Council of the City of La Cañada Flintridge Adopting a Moratorium on the Issuance of Any Demolition, Grading, Utility, Excavation or Other Permits Relating to Above-Ground Structures Along City Public Rights-of-Way" ("Ordinance 324" or "the city ordinance"), setting forth criteria that applicants for a Public Right-of-Way Above Ground Construction permit ("permit") must satisfy.[2]

---

[2]Again, in a separate memorandum disposition, we conclude that portions of the ordinance relied on by the City were preempted by state law. *See Sprint v. City of La Cañada Flintridge*, No. 05-55014 (filed May 23, 2006) at 7.

Sprint applied for five permits shortly after the City enacted its ordinance. The City granted two of the permit applications, Sprint withdrew one application, and the City rejected two of the applications, which now form the bases for Sprint's complaint.

Sprint intended to construct wireless facilities along Figueroa Street and Descanso Drive, and applied for permits in December 2001 and July 2002, respectively. After a variety of appeals through the City Public Works and Traffic Commission, Sprint ended up in the City Council, which held hearings and denied both of Sprint's applications based on the city ordinance.

Sprint brought suit under the Telecom Act, which requires that permit denials be supported by "substantial evidence." The actions for the Figueroa Street facility and the Descanso Drive facility were consolidated and the district court found that substantial evidence supported the permit denials based on provisions of the city ordinance that we have determined in a separate memorandum disposition are preempted by state law. Ruling on cross-motions for summary judgment, the district court ruled against Sprint on two of its critical claims. The parties thereafter consented to dismissal of Sprint's remaining claims, and the district court entered summary judgment for the City.

### III

### A

The interpretation of the statutory provisions of the Telecom Act and the Utilities Code presents questions of law which receive *de novo* review. *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 870 (9th Cir. 2001) (en banc). However, if this Court reviews the evidence relied upon by the City in denying the permits, the City must satisfy the substantial evidence standard. *See* 47 U.S.C. § 332(c)(7)(B)(iii).

We have described the substantial evidence standard as "deferential." *See MetroPCS, Inc. v. City & County of San Francisco*, 400 F.3d 715, 725 (9th Cir. 2005); *see also id.* at 723 (holding that "substantial evidence" implies "the traditional standard used for judicial review of agency decisions" (internal quotation omitted)).

B

1

**[1]** The Telecom Act requires that the City's permit denials be supported by substantial evidence. Specifically, 47 U.S.C. § 332(c)(7)(B)(iii) states that "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

The interpretation of "substantial evidence" in the context of the Telecom Act was the focus of extended analysis in *MetroPCS*, which held that "the substantial evidence inquiry does not require incorporation of the substantive federal standards imposed by the [Telecom Act]." 400 F.3d at 723. Rather, courts should consider whether the denial is based on "substantial evidence in the context of applicable *state and local law*." *Id.* at 724. Consequently, the Telecom Act " 'does not affect or encroach upon the *substantive* standards to be applied under established principles of state and local law.' " *Id.* (quoting *Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 494 (2d Cir. 1999)); *see also id.* (concluding that the substantial evidence standard "does not create a substantive federal limitation upon local land use regulatory power") (internal quotation omitted)). *MetroPCS* accords with the decisions of other circuits in this respect. *See id.* at 723 (noting that "there appears to be universal agreement among the circuits as to the substantive content of [the substantial evidence] requirement"); *see, e.g.*, *Preferred Sites, LLC v. Troup*

*County*, 296 F.3d 1210, 1219 (11th Cir. 2002); *Oyster Bay*, 166 F.3d at 494.

The substantial evidence standard is "essentially 'deferential,' " and courts may not " 'engage in [their] own fact-finding nor supplant [a city's] reasonable determinations.' " *MetroPCS*, 400 F.3d at 725 (quoting *Oyster Bay*, 166 F.3d at 494) (first alteration in original)). Substantial evidence implies "less than a preponderance, but more than a scintilla of evidence." *MetroPCS*, 400 F.3d at 725 (internal quotation omitted).

**[2]** Thus, to be valid, the grounds for denial must receive at least some weight under state and local law. If not, the denial is deemed "invalid even before the application of the [Telecom Act's] federal standards." *MetroPCS*, 400 F.3d at 724.

2

**[3]** Section 332(c)(7)(A) of the Telecom Act provides that "[e]xcept as provided in this paragraph, nothing in this Chapter shall limit or affect the authority of a *State or local government* or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities." 47 U.S.C. § 332(c)(7)(A) (emphasis added).

**[4]** If the City's local ordinance were valid under the Telecom Act, despite being preempted by state law, as we have concluded in a separate memorandum disposition, then the Telecom Act effectively would provide a measure of sovereign authority to cities, which their own state constitutions and statutes deny them. The language of subsection (c)(7)(A), however, does not imply that local law should be valid to the exclusion of state law, but merely that local law itself may not be ignored. Thus, if the local law itself is invalid—for example, because it conflicts with state law—then subsection

(c)(7)(A) will not save it. If the Telecom Act intended to grant such authority to local laws—even those that are preempted by state laws—it might have preserved the authority of "State *and* local government[s]," rather than the disjunctive.

Further, the City argues that the plain language of the statute—preserving the authority of "State *or* local government"—mandates City autonomy. Under this reading of the statutory text, the Telecom Act does not limit state rules *or* local rules. Thus, since there is a local rule, whether or not valid, the Telecom Act must recognize it, goes the argument.

We are not persuaded. The disjunctive language implies that state *or* local authority is preserved, not that both are necessarily preserved regardless of other constraints. Further, even if we followed the City's argument and held that the language of subsection (c)(7)(A) preserves local authority, there is no local authority here in the first place—State law has already preempted local authority. The "state or local government" language, in context, affirms preexisting authority— "nothing in this chapter shall *limit or affect* the authority"—it is not a positive grant of authority where none rightly exists. The City's reading ignores the plain statutory mandate that "nothing . . . shall . . . affect the authority," since the Telecom Act would affect local authority by expanding local regulatory power. (Given that the plain language of the statute is clear, it is not necessary to address public policy arguments. In any event, public policy also supports this interpretation. The City's proffered interpretation uses the Telecom Act to grant broad regulatory authority to cities or municipalities that would otherwise be constrained by state law. In other words, the City's reading of the "State or local government" language would set cities free to regulate to the extent of their traditional police power. This result would be antithetical to the purpose of the Telecom Act, whose goal is "to promote competition and higher quality in American telecommunications services and to 'encourage the rapid deployment of new telecommunications technologies.'" *City of Rancho Palos*

*Verdes v. Abrams*, 125 S. Ct. 1453, 1455 (2005) (quoting the Telecom Act).

## C

**[5]** The Telecom Act requires permit denials be supported by substantial evidence. 47 U.S.C. § 332(c)(7)(B)(iii) (2005). Because the City overstepped its regulatory authority under state law, its wireless ordinance is not viable, and no evidence supports the City's permit denials. The district court's conclusion that substantial evidence supported the City's permit denials must be reversed.

## IV

In light of our disposition of this case, we need not reach Sprint's additional claims that the city discriminated against it in violation of 47 U.S.C. § 332(c)(7)(B)(i)(I).

**REVERSED.**