**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT S. CATZ; JASON A. CATZ;
SHAWN D. CATZ,
            *Plaintiffs-Appellants,*

            v.

SUSAN RUTH CHALKER; TEACHER
INSURANCE ANNUITY ASSOCIATION
College Retirement Fund of the
State of New York; LEONARD I.
KARP; ANNETTE EVERLOVE,
            *Defendants-Appellees,*

FIDELITY INVESTMENTS, (FMR
Corporation); WATERHOUSE
SECURITIES,
            *Defendants-Counterclaimants-
                        Appellees.*

No. 08-16468

D.C. No.
4:03-cv-00091-FRZ-
JCG

ORDER

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted
April 15, 2009—San Francisco, California

Filed May 13, 2009

Before: Dorothy W. Nelson and Richard R. Clifton,
Circuit Judges, and Samuel P. King,* District Judge.

*The Honorable Samuel P. King, United States District Court Judge for
the District of Hawaii, sitting by designation.

5743

# ORDER

Plaintiffs-appellants Robert Catz, Shawn Catz, and Jason Catz appeal the District Court's grant of attorneys' fees. Appellees argue that the appeal must be dismissed for lack of jurisdiction. Their argument presents us with an issue of first impression in this circuit: whether a motion to correct a clerical mistake pursuant to Fed. R. Civ. P. 60(a) filed within ten days of the entry of judgment tolls the time for the filing of an appeal under Fed. R. App. P. 4(a)(4)(A)(vi). We hold that it does, and thus we conclude that we have jurisdiction and proceed, in a separate memorandum decision, to the merits of the appeal.

The District Court entered judgment granting attorneys' fees to defendants on October 30, 2007. On November 9, 2007, the Catzes filed a motion, titled "Motion to Amend the Final Judgment Pursuant to Fed. R. Civ. P. 59a," arguing that the final judgment was unenforceable because their names were misspelled in the caption. On November 27, 2007, the District Court filed an order, *nunc pro tunc*, amending the caption. On December 21, 2007, the Catzes submitted a conformed copy of a Notice of Appeal to the clerk of the District Court.

Appellees argue that this court does not have jurisdiction because the Catzes' notice of appeal was untimely. *See Whittaker v. Whittaker Corp.*, 639 F.2d 516, 520 (9th Cir. 1981). Ordinarily, a notice of appeal in a civil case must be filed within 30 days of entry of judgment, under Fed. R. App. P. 4(a)(1). The filing of certain motions, however, tolls the running of that time period. Fed. R. App. P. 4(a)(4)(A) provides: "[i]f a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." The ensuing list includes a motions "for relief under Rule 60 if the

motion is filed no later than 10 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi).

Although appellants characterized their November 9, 2007 motion as a motion to amend the judgment pursuant to Fed. R. Civ. P. 59(a), it is more properly construed as a motion to correct a clerical mistake pursuant to Fed. R. Civ. P. 60(a). *See Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 635 (9th Cir. 1989) ("The nomenclature the movant uses is not controlling.").

Fed. R. App. P. 4(a)(4)(A)(vi) tolls the time for the filing of an appeal if a party has moved "for relief under Rule 60." Federal Rule of Civil Procedure 60 has two sections. Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgement, order, or other part of the record." Rule 60(b) permits a court to "relieve a party . . . from a final judgment" for, *inter alia*, mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud.

The language of Appellate Rule 4 — "for relief under Rule 60" — is thus susceptible to two interpretations. The rule could pertain only to Rule 60(b) motions because the Rule uses the words "for relief" and only a Rule 60(b) motion "relieve[s] a party." Alternatively, because the rule refers to motions under "Rule 60," and not "Rule 60(b)," the tolling provision could apply to both 60(a) and 60(b) motions. In the former interpretation, the words "for relief" would serve as a qualifier; in the latter, the words would serve as a descriptor.

The two courts that have addressed the issue both held that a 60(a) motion does toll the time for appeal. *Dudley ex rel. Estate of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 665 (2d Cir. 2002); *Internet Fin. Servs., LLC v. Law Firm of Larson-Jackson, P.C.*, 394 F. Supp. 2d 1, 4-5 (D.D.C. 2005).[1]

---

[1]Appellee TIAA-CREF relies on several out-dated decisions holding that *nunc pro tunc* amendments of clerical errors do not extend the time

We agree and join those decisions in holding that a motion under Rule 60(a) tolls the time for filing a notice of appeal. If Fed. R. App. P. 4(a)(4)(A)(vi) were intended to be limited to motions under Rule 60(b), it would have been clearer and simpler for it to refer to "Rule 60(b)." It is unlikely that the drafters of Appellate Rule 4 decided to rely upon subtle indirection by use of the words "for relief" to indicate that only motions under Rule 60(b) are covered. Moreover, Rule 60 is entitled "Relief from a Judgment or Order." Although the word "relief" appears only in section 60(b), the title suggests that both 60(a) and 60(b) motions may be viewed as seeking "relief." The plain language of the Rule suggests that it encompasses all motions under Rule 60.

The strongest argument for the alternative, narrower reading of the Rule comes from an examination of its history.

for filing an appeal. *See, e.g.*, *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952) ("[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought.") (discussing tolling in applications for writ of certiorari); *United States v. Bealey*, 978 F.2d 696, 699 (Fed. Cir. 1992) (interpreting 28 U.S.C. § 2645(c), which permits appeals from the Court of International Trade); *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (interpreting Fed. R. App. P. 4). Even assuming these decisions were applicable, all of these cases were decided prior to 1993, when Fed. R. App. P. 4 was "amended to include, among motions that extend the time for filing a notice of appeal, a Rule 60 motion that is served within 10 days after entry of judgment." Fed. R. App. P. 4 advisory committee's note.

Appellees also cite more recent cases from other circuits: *In re Am. Safety Indem. Co. v. Official Comm. of Unsecured Creditors*, 502 F.3d 70, 72 (2d Cir. 2007) (per curiam), and *Farkas v. Rumore*, 101 F.3d 20, 22 (2d Cir. 1996) (per curiam) ("Where a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment."). In both cases, however, the court clerk reentered judgment *sua sponte*, not upon a motion, taking it outside the scope of the exceptions codified in Fed. R. App. P. 4(a)(4). *See Am. Safety*, 502 F.3d at 71; *Farkas*, 101 F.3d at 22.

Prior to the 1993 Amendment, several courts had difficulty determining whether substantive attacks on a judgment were motions under Rule 59(e), which tolled the filing period, or motions under 60(b), which did not. *Dudley*, 313 F.3d at 675 (Sotomayor, J., concurring); *see, e.g.*, *Taumby v. United States*, 919 F.2d 69, 71-72 (8th Cir. 1990) (refusing to characterize a post-judgment "Motion for Relief from an Order" as a motion under Fed. R. Civ. P. 59(e)). The Advisory Committee explained that the 1993 amendment "eliminate[d] the difficulty of determining whether a posttrial motion made within 10 days after entry of a judgment is a Rule 59(e) motion, which tolls the time for filing an appeal, or a Rule 60 motion, which historically has not tolled the time." Fed. R. App. P. 4 advisory committee's note. This would indicate that the drafters may have intended to eliminate the confusion regarding the difference between 59(e) and 60(b) motions, not to confer tolling power on a 60(a) motion.

While this historical background is instructive, we must balance it against the compelling public policy interest in a broader interpretation of the Rule. *See Sprint PCS Assets, LLC v. City of La Canada Flintridge*, 448 F.3d 1067, 1071 (9th Cir. 2006). Because failure to file a timely appeal is jurisdictional, a narrow reading of the Rule will deprive some parties with valid claims of appellate review. This is especially true where, as here, the plain language, even if ambiguous, may lead unwitting or unsophisticated litigants to assume that any Rule 60 motion is a tolling motion.

Because the plain language of the Rule strongly favors the broader interpretation, we conclude that the Rule applies to all motions under Rule 60. We therefore hold that a motion to correct a clerical mistake pursuant to Fed. R. Civ. P. 60(a) tolls the time for the filing of an appeal.

Because the Catzes filed their 60(a) motion within ten days of the final judgment, the time for filing an appeal was tolled until November 27, 2007, when the order disposing of the

60(a) motion was issued. Accordingly, their December 21, 2007 notice of appeal was timely, and we have jurisdiction over this case.

**It is so ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.