**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURMIT SINGH, an individual, Agency Numbers A072-691-014 & A072-482-782, AKA Manjeet Singh, <br><br>       Petitioner - Appellant, <br><br>   v. <br><br> CHRIS VASQUEZ, in his official Capacity as Sheriff and in-charge of Pinal County Adult Detention Center; KATRINA KANE, in her official capacity as Field Office Director for Detention and Removal Operations, Phoenix District Office; JONATHAN SCHARFEN, in his official capacity as Director of the Citizenship and Immigration Services; MICHAEL CHERTOFF, in his official capacity as the Secretary of the United States Department of Homeland Security; ERIC H. HOLDER, JR., Attorney General, in his official capacity as Attorney General of the United States, <br><br>       Respondents - Appellees. | No. 09-17400 <br><br> DC No. 208 cv 01901 MHM <br><br> MEMORANDUM[*] |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding
Submitted July 19, 2011[**]
San Francisco, California

Before:    TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge.[***]

Petitioner-Appellant Gurmit Singh is a native and citizen of India. He arrived in New York City without a passport or visa in 1993. He told immigration officials his name was Manjeet Singh and gave a false birth date because, he later explained, he was advised to do so by the man he paid to smuggle him out of India. Singh was paroled and ordered to appear at an exclusion hearing. Instead, Singh traveled to California, where he applied for asylum using his true name and birth date. Finding credible his assertion of political persecution, the Immigration and Naturalization Service ("INS") granted Singh asylum in 1996.

In 1999, in connection with its review of Singh's application for adjustment of status, the INS discovered that Singh had been ordered excluded in absentia under the false name before the agency granted him asylum. The agency

---

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

2

summarily rescinded Singh's asylum status by means of a letter, which explained that the agency did not have jurisdiction to consider asylum applications in cases where the applicant was already in exclusion proceedings, so that its grant of asylum to Singh was void.

Almost a decade later, Singh was detained pending removal. He petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the INS terminated his asylum status without due process. The district court granted Respondents' motion to dismiss the petition.

The district court properly exercised jurisdiction under § 2241. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the decision to dismiss a habeas petition. *McKenzie v. Risley*, 915 F.2d 1396, 1398 (9th Cir. 1990). We affirm.

**1.** The district court correctly found that the INS improperly rescinded Singh's asylum status by means of a letter. The agency should have followed the applicable procedure, which required that "[p]rior to the termination of a grant of asylum . . . the alien shall be given notice of intent to terminate, with the reasons therefor, at least 30 days prior to the interview," and "[t]he alien shall be provided the opportunity to present evidence showing that he or she is still eligible for asylum." 8 C.F.R. § 208.23(c) (1999). Contrary to Respondents' argument, these

3

procedures apply even where, as here, the agency lacked jurisdiction to grant asylum. Section 208.23(a) uses the phrase "made under the jurisdiction of" plainly to distinguish between the termination procedures that apply when asylum was granted by the INS and those that apply when asylum was granted by an immigration judge. *Compare* 8 C.F.R. § 208.23(a) (1999) ("Termination of Asylum by Service") *with* § 208.23(e) (1999) ("Termination of asylum . . . by the Executive Office for Immigration Review"). There is no indication that the phrase is used to distinguish between proper and *ultra vires* grants of asylum by the INS. Accordingly, the plain language of 8 C.F.R. § 208.23 required the agency to follow the procedures set forth therein before terminating Singh's asylum.

**2.** Singh's due process claim nonetheless fails because he cannot show prejudice – that the INS' conduct potentially affected the outcome of the proceedings. *See Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002). Although the parties focus on the timing of the filing of the charge of excludability with the immigration court, the exact date is immaterial. The relevant regulation provides that

> [t]he Immigration Judge shall make a determination on such claims [for asylum] de novo regardless of whether or not a previous application was filed and adjudicated by an Asylum Officer prior to the initiation of exclusion or deportation proceedings. Any previously

4

filed but unadjudicated asylum application must be resubmitted by the alien to the Immigration Judge.

8 C.F.R. § 208.2(b) (1993). Even if the charge of excludability was not filed with the immigration court until after Singh submitted his request for asylum to the INS, it necessarily was filed at some point before the exclusion hearing was held in August 1993. Singh's request for asylum was still pending at that time (in fact, it was not decided by the INS until 1996). Accordingly, even if he submitted his request for asylum to the INS before the charge of excludability was filed with the immigration court, he was still required by the applicable regulations to submit his claim for asylum to the immigration judge at his exclusion hearing. Therefore, it is clear that the INS lacked jurisdiction over Singh's asylum application at the time it granted asylum. Because the agency could have reached no other conclusion, but that it was required to terminate Singh's asylum status, Singh was not prejudiced by the absence of process.

We have considered Singh's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is

**AFFIRMED**.

5