[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11769
Non-Argument Calendar

_____

D.C. Docket Nos. 1:09-cv-00629-CG,
1:06-cr-00206-CG-B-1


QUANG VAN NGUYEN,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 6, 2014)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Quang Van Nguyen appeals the district court's denial of his motion to

vacate, *see* 28 U.S.C. § 2255, in which he alleged that his trial counsel was

ineffective for not objecting to the district court's determination that the drug type involved in his narcotics offense was methamphetamine "ice." We had previously remanded the case to the district court for an evidentiary hearing on that ineffective assistance of counsel claim. After review of the record, which includes a transcript of the evidentiary hearing and the parties' briefs, we affirm.[1]

<h1 style="text-align:center">I</h1>

Mr. Nguyen pled guilty to one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and was convicted by a jury of one count of conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846. Mr. Nguyen's narcotics offense was a so-called "dry" conspiracy because no drugs were seized, and the government proved the existence of the narcotics through the testimony of Mr. Nguyen's co-conspirators. During their testimony, the co-conspirators referred to the drugs only as "ice," and provided descriptions of them as, for example, "a clear substance [that] looks like rock salt or salt." D.E. 48 at 93, 95-96. Mr. Nguyen did not object to the admissibility of this evidence.

At sentencing, the district court determined that the drug type in the conspiracy was methamphetamine "ice," which is of a higher purity and leads to a

---

[1] On appeal, Mr. Nguyen did not raise any claim about whether his appellate counsel was ineffective until his reply brief, and, thus that claim is deemed abandoned. *See Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1254 (11th Cir. 2013).

higher offense level.  *See* U.S.S.G. § 2D1.1(c), n.(c). As a result, Mr. Nguyen's base offense level under the Sentencing Guidelines was 36 rather than 32.  With the application of two enhancements for possession of a firearm and obstruction of justice, the district court's finding of "ice" resulted in a sentencing range of 324 to 405 months in custody, instead of 210 to 262 months. The district court ultimately sentenced Mr. Nguyen to 364 months for the conspiracy count, and 120 months for the firearm count, to be served concurrently.  In his § 2255 motion, Mr. Nguyen alleged that his trial counsel had rendered ineffective assistance by failing to object to the reference of the methamphetamine as "ice."

At the evidentiary hearing following our remand, Mr. Nguyen, represented by another attorney, called his trial counsel to testify. Mr. Nguyen also submitted an affidavit in which he claimed that he had requested his trial counsel to contest the drug type and quantity prior to sentencing.  In addition, Mr. Nguyen tried to submit a report from the Drug Enforcement Administration to show that the methamphetamine he was selling was below the reported market value for "ice," but the district court declined to take judicial notice of the DEA report.

After the hearing, the district court denied Mr. Nguyen's § 2255 motion, ruling that he had failed to satisfy his burden under *Strickland v. Washington*, 466 U.S. 668 (1984).  Mr. Nguyen now appeals.

## II

A claim of ineffective assistance of counsel is a mixed question of law and fact. That means we review findings of fact for clear error and legal determinations *de novo*.  *See Conklin v. Schofield*, 366 F.3d 1191, 1201 (11th Cir. 2004).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  *See Strickland*, 466 U.S. at 685-86.  To warrant relief on a claim that counsel was ineffective, a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance was prejudicial.  *Id.* at 687.

In assessing the performance prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. This presumption is even stronger when counsel is an experienced trial attorney. *See Chandler v. United States*, 218 F.3d 1305, 1316 (11th Cir. 2000) (*en banc*). Simply because trial counsel used an unsuccessful approach or, in hindsight, another tactic may have proven successful, does not demonstrate that counsel was ineffective. *Id*. at 1316-17.

To make his burden on the "performance" prong of *Strickland*, Mr. Nguyen first must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Id*. at 1315. An attorney's ignorance of a well-defined legal principle could be inexcusable and demonstrate deficient performance. *See Smith*

4

*v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999). But where "the legal principle at issue is unsettled . . . counsel will not have rendered deficient performance for an error in judgment." *Black v. United States*, 373 F.3d 1140, 1144 (11th Cir. 2004).

Here, Mr. Nguyen based his claim of deficient performance on his trial counsel's failure to object to the use of the word "ice." He argues that any reasonable attorney with knowledge of our holdings in *United States v. Patrick*, 983 F.2d 206 (11th Cir. 1993), and *United States v. Ramsdale*, 61 F.3d 825 (11th Cir. 1995), would have objected. To support this claim, Mr. Nguyen called only one witness—his trial counsel—who testified that he "may or may not have been" aware of *Patrick* and *Ramsdale*. *See* D.E. at 8-12. Mr. Nguyen himself did not testify during the hearing; he instead provided an affidavit, in which he stated that he told his attorney to contest the drug type and quantity because the methamphetamine was not "ice." *See* D.E. at 70-1.

We agree with the district court that, on this record, Mr. Nguyen's trial counsel did not render deficient performance. First, our holdings in *Patrick* and *Ramsdale* do not squarely apply here because those cases involved sentencing errors under a guideline scheme that distinguished between d-methamphetamine and l-methamphetamine, not methamphetamine and "ice." *See United States v. Carroll*, 6 F.3d 735, 745 (11th Cir. 1993) ("*Patrick* did not decide any issue related

5

to purity."). Second, we have never decided whether the designation of methamphetamine as "ice" for sentencing purposes requires scientific testimony. Although *Patrick* and *Ramsdale* did not involve purity issues concerning "ice," other circuits have permitted circumstantial testimonial evidence to sustain a finding that the methamphetamine was "ice." *See United States v. Lugo*, 702 F.3d 1086, 1089 (8th Cir. 2013); *United States v. Verdin-Garcia*, 516 F.3d 884, 896 (10th Cir. 2008); *United States. v. Cockervill*, No. 99-4634, 2000 WL 852608, at *2-3 (4th Cir. June 28, 2000).[2]

### III

The district court's denial of Mr. Nguyen's motion to vacate is affirmed.

**AFFIRMED.**

---

[2] We note, as well, that Mr. Nguyen did not present any persuasive evidence at the evidentiary hearing that the methamphetamine was not "ice." We recognize that Mr. Nguyen asked the district court to take judicial notice of the DEA report, but the district court did not abuse its discretion in refusing to do so. First, only a few months within Mr. Nguyen's conspiracy overlapped the time frames described in the report. Second, the disclaimer in the report itself suggested that the information referenced did not come within the meaning of Rule 201 of the Federal Rules of Evidence.