# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3434

_____

United States of America

*Plaintiff - Appellee*

v.

Miguel Zarco

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: October 19, 2018
Filed: February 7, 2019

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

A jury convicted Miguel Zarco of conspiracy to possess with intent to distribute and to distribute a controlled substance. The district court[1] sentenced him

---

[1]The Honorable Ralph R. Erickson, then United States District Judge for the District of North Dakota, now Circuit Judge for the United States Court of Appeals for the Eighth Circuit.

to the mandatory minimum sentence of 120 months' imprisonment and five years of supervised release. Zarco appeals his conviction, claiming for the first time on appeal that it was reversable error for the district court not to prohibit the prosecutor from referring to the charged crime as a "historical conspiracy" during trial. Zarco argues that the prosecutor's use of that phrase created a structural error that violated his due process rights. But even if the error was not structural, he maintains that reversal is warranted because the error infected the trial with unfairness. We affirm.

The Government presented evidence at trial that Zarco conspired to distribute substantial quantities of methamphetamine in California, Utah, and North Dakota. During opening statements, the prosecutor said that "in North Dakota the majority of our drug conspiracies are historical conspiracies. They are conspiracies where we look back in time usually from some triggering event that happens." He continued that "[t]hese cases are largely based on testimony . . . . the drugs aren't there anymore . . . . [b]ut we always have the testimony. So that's why they're so heavy on the testimony stuff." Zarco's attorney responded in her opening statement: "The government uses the term 'historical conspiracy' when they have a case that's based on little to no physical evidence. That's what they call it. Their case is based solely on the statements . . . of other individuals, individuals that I will submit to you have bias." She added that the jurors would not hear any evidence that Zarco was found in possession of any controlled substances or that law enforcement conducted any surveillance or orchestrated any controlled buys from him. The Government then called twelve witnesses.

During closing arguments, the prosecutor again referenced the historical nature of the conspiracy, noting that by the time law enforcement became involved, the conspirators "had pretty much stopped dealing with each other a month or so earlier." Law enforcement "had to try and go back in time and put the case together, and when you do that you gotta look at the testimony of these witnesses." With regard to the elements of a conspiracy, the prosecutor said that the "judge has advised you of those already and these are pretty much straight out of the Court's instructions." After a

discussion of how the testimonial evidence fit those elements, he concluded that the jury would "find beyond a reasonable doubt that the defendant is guilty of this offense." At no point during trial did Zarco's attorney object to the prosecutor's use of the phrase "historical conspiracy."

"The failure to object to any error, even a structural one, leaves the appellate court with the power to notice only plain error." *Rahn v. Hawkins*, 464 F.3d 813, 819 (8th Cir. 2006), *abrogated on other grounds by Avichail ex rel. T.A. v. St. John's Mercy Health Sys.*, 686 F.3d 548, 552 (8th Cir. 2012); *see also United States v. Johnson*, 520 U.S. 461, 466-67 (1997) (applying plain-error review to an alleged structural error). Plain-error review requires an appellant to demonstrate that "(1) there is an error; (2) the error is clear and obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted). Because there was no error, Zarco cannot establish the first prong, and we need not discuss the other three. We also need not determine whether the alleged error was structural. *See Charboneau v. United States*, 702 F.3d 1132, 1138 n.3 (8th Cir. 2013) (concluding that appellant's emphasis on an alleged structural error did not affect its plain-error inquiry because "[w]hether an error can be properly characterized as 'structural' has nothing to do with plain error review").

Zarco claims that the prosecutor improperly used "historical conspiracy" as a "term of art," rather than a "mere descriptor." He argues that "[t]his is a problem because terms of art in the law matter—they alter burdens of proof, presumptions, jurors' duties and expectations." He also alleges that the prosecutor "created a crime" by advertising "'historical conspiracy' to the jury as a different kind of conspiracy that could not be supported by the normal markers of proof that the actual crime of conspiracy has."

But Zarco does not explain how the prosecutor's use of the phrase "historical conspiracy" created a new crime or invited the jury to find him guilty under a relaxed burden or proof. To the contrary, both parties' opening statements demonstrate that they understood "historical conspiracy" to be a "mere descriptor" of a conspiracy that ended before law enforcement began investigating and for which little physical evidence was available. The prosecutor said that "historical conspiracies" are "conspiracies where we look back in time" and result in "cases . . . largely based on testimony" because "the drugs aren't there anymore." Zarco's attorney reiterated this definition, telling the jury that "[t]he government uses the term 'historical conspiracy' when they have a case that's based on little to no physical evidence." Thus, there was no confusion about what "historical conspiracy" meant. The prosecutor also relied on the standard elements of conspiracy found in the district court's unchallenged jury instructions, undermining Zarco's argument that he created a new crime. *See United States v. Pendleton*, 832 F.3d 934, 944 (8th Cir. 2016) ("We presume that juries follow a court's instructions."). The prosecutor's statement during closing arguments that the jury should "find beyond a reasonable doubt that the defendant is guilty of this offense" similarly conflicts with Zarco's claim that the prosecutor invited the jury to find him guilty by a lower burden of proof.

We also note that federal courts, including our own, have used "historical conspiracy" or its analogue, "dry conspiracy," as a descriptive phrase without any attendant legal significance. *See, e.g.*, *United States v. Pressley*, 473 F. Supp. 2d 1303, 1313-14 (N.D. Ga. 2006) ("[A] dry or historical conspiracy is one in which the only evidence of the illegal drug activity is the testimony of others who recount, historically, such activities."); *United States v. Becerra*, 435 F.3d 931, 937 (8th Cir. 2006) (noting that a "conspiracy to distribute methamphetamine that is proved beyond a reasonable doubt through the testimony of co-conspirators without physical evidence of controlled substance" is "a so-called 'dry conspiracy'"); *United States v. El Herman*, No. CR 04-4042-MWB, 2008 WL 835725, at *10 (N.D. Iowa Mar. 25, 2008), *aff'd*, 583 F.3d 576 (8th Cir. 2009) (describing a conspiracy case without any

physical evidence or exhibits as a "pure historical conspiracy"); *Van Nguyen v. United States*, 564 F. App'x 992, 993-94 (11th Cir. 2014) (per curiam) (describing a narcotics offense as a "'dry' conspiracy because no drugs were seized, and the government proved the existence of the narcotics through the testimony of . . . co-conspirators").

For all these reasons, the district court did not err by allowing the prosecutor to use the phrase "historical conspiracy" during trial. Because the district court did not err, we need not consider whether any error was structural. We affirm Zarco's conviction.

———————————————